Filed 5/29/14  Westlake Village etc. Medical Clinic v. Howell HealthCare CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| WESTLAKE VILLAGE URGENT CARE, OCCUPATIONAL AND FAMILY MEDICAL CLINIC, INC., <br><br> Plaintiff and Appellant, <br><br> v. <br><br> HOWELL HEALTHCARE, INC., et al., <br><br> Defendants and Respondents. | 2d Civil No. B250135 <br> (Super. Ct. No. 56-2013-434320- <br> CU-BT-VTA) <br> (Ventura County) |

For over 25 years, Howell HealthCare, Inc. (Howell Inc.), Howell Healthcare, LLC (Howell LLC) and Michael Andrew Howell, M.D. (collectively respondents) and their predecessors have operated a medical clinic in Westlake Village named "Westlake Urgent Care."  For the past 13 years, appellant Westlake Village Urgent Care, Occupational and Family Medical Clinic, Inc., and its predecessor have operated a similar clinic called "Westlake Village Urgent Care."

In 2013, appellant sued respondents to prevent them from using "Westlake Urgent Care" as a fictitious business name.  Appellant contends the trial court abused its discretion by denying a preliminary injunction.  The record, however, does not disclose the basis for the denial.  The court orally stated its reasons at the hearing, but appellant did not provide a reporter's transcript or suitable substitute.  Based on the limited record

presented, we conclude the trial court, in balancing the harm to be suffered, if any, and the equities of the parties, did not abuse its discretion by denying the requested relief. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 1987, Dr. Aziz Ghaussy founded an urgent care clinic called "Westlake Urgent Care," at 3180 Willow Lane in Westlake Village. He filed a fictitious business statement in that name. Dr. Ghaussy and his brother operated Westlake Urgent Care at that address until September 2012. At that time, Dr. Ghaussy transferred the business name and telephone number to Dr. Howell, who began operating the clinic at the same address, without an interruption in service. Howell LLC filed a fictitious business name statement for "Westlake Urgent Care." At present, Howell LLC's status with the Secretary of State is listed as "canceled."

In approximately 2000, appellant's predecessor began operating an urgent care clinic in Westlake Village under the name "Westlake Village Urgent Care." When appellant assumed that business in 2005, it filed a fictitious business name statement. The clinic is located at 1220 La Venta Drive in Westlake Village.

In April 2013, appellant filed a complaint for damages and injunctive relief to prevent respondents from using the name "Westlake Urgent Care." Respondents' counsel accepted service of the complaint on their behalf. The trial court denied appellant's request for a temporary restraining order (TRO), stating "[n]o urgency of matter is shown." It issued an order to show cause (OSC) and set a hearing on the request for preliminary injunction.

Appellant argued it was entitled to a preliminary injunction because it had established a "secondary meaning" in the name "Westlake Village Urgent Care." It also asserted it was "illegal" for defendants to operate a business under the fictitious name "Westlake Urgent Care" without complying with the fictitious business name statutes. Dr. Howell opposed the OSC. He contended the name "Westlake Village Urgent Care" was comprised of a geographic term, a description of services and words in common use,

2

which are not protectable under California law.  He also argued appellant had failed to show irreparable harm.

The OSC was heard on June 26, 2013.  Neither party requested a court reporter.  The minute order reflects the trial court orally stated its tentative ruling and allowed counsel to make additional statements and argument.  It then denied the request for preliminary injunction with prejudice, rejecting appellant's request to submit further evidence.  This appeal followed.

## DISCUSSION

### *Standard of Review*

We review an order granting or denying a preliminary injunction for abuse of discretion.  (*People ex rel. Gallo v. Acuna* (1997) 14 Cal.4th 1090, 1109; *King v. Meese* (1987) 43 Cal.3d 1217; 1227–1228; *Cohen v. Board of Supervisors* (1985) 40 Cal.3d 277, 286.)  Our review is confined to the consideration of whether the trial court abused its discretion in evaluating two interrelated factors:  the likelihood plaintiff will prevail on the merits at trial; and the balance of harm to each party if the preliminary injunction is granted or denied.  (*Gallo,* at p. 1109; *Cohen* at p. 286.)  "The latter factor involves consideration of such things as the inadequacy of other remedies, the degree of irreparable harm, and the necessity of preserving the status quo." (*Abrams v. St. John's Hospital & Health Center* (1994) 25 Cal.App.4th 628, 636.)

### *Denial of Preliminary Injunction*

Appellant argues the trial court abused its discretion when it determined appellant had failed to establish the likelihood of prevailing on its claims.  It contends respondents' failure to comply with the fictitious business name statutes created a presumption, which respondents failed to rebut, that appellant has the exclusive right to use the name "Westlake Urgent Care." (See Bus. & Prof. Code, § 14411.)[1]  Respondents

---

[1] Business and Professions Code section 14411 states:  "The filing of any fictitious business name statement by a person required to file such statement pursuant to Section 17910 shall establish a rebuttable presumption that the registrant has the exclusive right to use as a trade name the fictitious business name, as well as any confusingly similar trade name, in the county in which the statement is filed, if the registrant is the first to file

3

assert the only penalty for non-compliance with the fictitious business name statutes is that the fictitiously named business may not enforce obligations owed to it until it places on record its true nature and ownership. (See *id.* at § 17918.)

The minimal record we have been provided does not disclose the basis for the trial court's decision. The minute order confirms the court orally stated its tentative ruling on the record, but does not include its reasons for denying the preliminary injunction. No reporter's transcript was provided because neither party employed a court reporter to record the preliminary injunction hearing. Appellant also did not seek the preparation of a settled statement to assist this court. (See *Leslie v. Roe* (1974) 41 Cal.App.3d 104, 108; Cal. Rules of Court, rules 8.134 & 8.137.)

In essence, appellant urges us to review the trial court's decision de novo. We decline to do so since the standard of review is abuse of discretion. (*People ex rel. Gallo v. Acuna, supra*, 14 Cal.4th at p. 1109; see *Citizens to Save California v. California Fair Political Practices Com.* (2006) 145 Cal.App.4th 736, 746 ["[E]xcept in a clear case we should not anticipate the final judgment of the trial court by disposition of an appeal from the order granting the preliminary injunction"].) Without a proper record, it is impossible for us to assess whether the trial court abused its discretion. In similar cases, appellate courts have refused to reach the merits of an appellant's claims because it failed to provide a reporter's transcript of a pertinent proceeding or a suitable substitute. (E.g., *Sui v. Landi* (1985) 163 Cal.App.3d 383, 385-386 [order denying preliminary injunction dissolution affirmed based on lack of reporter's transcript]; *Walker v. Superior Court* (1991) 53 Cal.3d 257, 273-274 [transfer order]; *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296 [attorney fee motion hearing].)

Moreover, when the record on appeal consists entirely of a clerk's transcript, the scope of review is limited. (*In re Marriage of Stutz* (1981) 126 Cal.App.3d

---

such a statement containing the fictitious business name in that county, and is actually engaged in a trade or business utilizing such fictitious business name or a confusingly similar name in that county. [¶] The rebuttable presumption created by this section shall be one affecting the burden of producing evidence."

1038, 1042.)  "'A judgment or order of the lower court is *presumed correct*.  All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.  This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' [Citations.]"  (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; *Fundamental Investment Etc. Realty Fund v. Gradow* (1994) 28 Cal.App.4th 966, 971.)

Based on the limited record presented by appellant, and indulging all presumptions in favor of the order, we conclude that whatever merit there may be to appellant's claims, if any, its failure to demonstrate irreparable harm supports the trial court's decision.  (See *People ex rel. Gallo v. Acuna, supra*, 14 Cal.4th at p. 1109; *White v. Davis* (2003) 30 Cal.4th 528, 554.)  Appellant alleges "the continued use of [appellant's] name or a deceptively similar name by [respondents] is harming the good will and reputation of [appellant], diluting its good will and the value of its trade name, and each day that such action continues, unabated, causes [appellant] to suffer irreparable harm to its reputation."  The evidence established, however, that Westlake Urgent Care has continuously operated at the same address since 1987, and that appellant's predecessor founded Westlake Village Urgent Care some 13 years later.  The two similarly named clinics co-existed for another 13 years before any action was taken to prevent the alleged confusion.  Aside from changes in ownership, the situation today is no different than the day appellant's predecessor started doing business as Westlake Village Urgent Care.  Having accepted, or at least tolerated, the situation for eight years, appellant's claim of sudden, irreparable harm is not convincing.  (See *Oakland Tribune, Inc. v. Chronicle Pub. Co.* (9th Cir. 1985) 762 F.2d 1374, 1377 ["Plaintiff's long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm"].)

The "general purpose" of a preliminary injunction "is the preservation of the status quo until a final determination of the merits of the action."  (*Continental Baking Co. v. Katz* (1968) 68 Cal.2d 512, 528; *DVD Copy Control Assn., Inc. v. Bunner* (2004) 116 Cal.App.4th 241, 249.)  An injunction would have the opposite effect here, as

it would significantly alter the long-standing competitive business environment. If anything, the harm that would result from cessation of a business name that has been in use for a quarter century would be far greater than any potential harm to appellant by maintaining the status quo. (See *IT Corp. v. County of Imperial* (1983) 35 Cal.3d 63, 73 ["The ultimate goal . . . in deciding whether a preliminary injunction should issue is to minimize the harm which an erroneous interim decision may cause"].) In addition, appellant has not shown that monetary damages would inadequately compensate it for any interim harm. (See Code Civ. Proc., § 526, subd. (a)(4); *Abrams v. St. John's Hospital & Health Center, supra,* 25 Cal.App.4th at p. 636.)

Finally, appellant contends a preliminary injunction should have been granted as to Howell Inc. and Howell LLC because they did not oppose the OSC. We disagree. First, the principal of both entities, Dr. Howell, did oppose the OSC. Second, although the OSC was directed to respondents, appellant had the burden of showing all elements necessary to support issuance of a preliminary injunction. (*O'Connell v. Superior Court* (2006) 141 Cal.App.4th 1452, 1481.) This burden was not met.

DISPOSITION

The order is affirmed. Respondents shall recover costs on appeal.

NOT TO BE PUBLISHED.

PERREN, J.

We concur:

GILBERT, P. J.

YEGAN, J.

6

Mark Borrell, Judge

Superior Court County of Ventura

_____


Law Offices of Neil C. Evans, Neil C. Evans for Appellant.

Wheeler & Associates, David A. Seeley, David C. Wheeler for Respondents.